IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INFELLS OKOLOJI, | No. 4:23-CV-00803 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MATTHEW DANNER, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**OCTOBER 19, 2023**

I. **BACKGROUND**

Plaintiff, Infells Okoloji, an inmate formerly confined in the Dauphin County Prison, Harrisburg, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983.[1] The named Defendants are the following former and current employees of the Dauphin County Prison: Matthew Danner, Michael Blouch, Martin Myers, Linn Dietz and Joshua Cohawitz.[2] Okoloji seeks damages from an October 19, 2021 event in which he was allegedly "attacked by multiple guards" causing him "to pass out and defecate on [him]self."[3] Plaintiff claims that "the officer that initiated the assault then went around bragging that he made [Plaintiff] defecate himself."[4]

---

[1] Doc. 1.
[2] *Id*.
[3] *Id*.
[4] *Id*.

By Order dated June 8, 2023, Plaintiff's motion for leave to proceed *in forma pauperis* was granted and the Clerk of Court was directed to serve Plaintiff's complaint on the Defendants named therein.[5]

On June 20, 2023, this Court's Order serving Plaintiff's complaint and the Waiver of Service forms were returned to this Court as undeliverable, indicating that the addresses for the named Defendants in the instant action were unknown.[6]

An October 16, 2023 inquiry by this Court to the Dauphin County Prison regarding this Court's returned Order and Waiver of Service Forms revealed that not only were most of the named Defendant no longer employed at the Dauphin County Prison, but Plaintiff, himself, had been released from the Dauphin County Prison on July 13, 2023. Thus, for the reasons that follow, the Court will dismiss the above captioned action for Plaintiff's failure to prosecute and to comply with a Court Order.

## II.   DISCUSSION

On May 16, 2023, Plaintiff was provided with this Court's Instructions for Filing a Complaint by a Pro Se Plaintiff.[7] It informed Plaintiff of the following with regard to a change of address notice:

> Local Rule of Court 83.18 requires pro se plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the

---

[5] Doc. 9.
[6] Doc. 12.
[7] Doc. 3-2.

     change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.[8]

Plaintiff has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18 and the Court is unable to communicate with Plaintiff at his address of record.

     Fed.R.Civ.P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute."  The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[9] "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties."[10]  Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*[11]  However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the *Poulis* factors is unnecessary.[12]

---

[8]   *Id.*
[9]   *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962).
[10]  *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007).
[11]  747 F.2d 863, 868 (3d Cir. 1984).
[12]  *See Iseley*, 216 F. App'x at 255 (citing *Guyer v. Beard*, 907 F.2d 1424, 1429–30 (3d Cir. 1990) and *Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir. 1994)); *see also Williams v. Kort*, 223 F. App'x 95, 103 (3d Cir. 2007).

Plaintiff's last communication with this Court was a June 16, 2023 motion for enlargement of time to complete discovery.[13] Plaintiff's failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal.[14]

## III. CONCLUSION

Based on the foregoing, the Court will dismiss the above captioned action with prejudice for failure to prosecute and to comply with this Court's Local Rule 83.18.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[13] Doc. 11.
[14] *See Poulis*, 747 F.2d at 868-69.